UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MICHAEL JEFFREY MOCK,

Plaintiff,

v.                                                      CAUSE NO. 1:24-CV-327-HAB-SLC

ALLISON SPRUNGER, et al.,

Defendants.

OPINION AND ORDER

Michael Jeffrey Mock, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mock is suing Attorney Allison Sprunger because he is unhappy with her representation in a criminal matter in 2019 and her handling of evidence when her representation terminated. Attorney Springer did not visit Mock during the four months he was in jail and failed to defend him to his satisfaction. Attorney Springer's representation terminated in 2019, but she did not provide Mock with a copy of video documentation of his arrest until March 2024. Mock indicates the video was exculpatory

and showed that arresting officers committed a criminal offense against him, but because he did not receive it until March 2024, it is too late for him to take any action against the officers. Mock believes Attorney Sprunger and her employer, Attorney Grace Baumgartner, delayed giving him the video to further their careers, to assist the police, and because Mock is not a Christian.

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted).

The acts Mock complains of are not fairly attributable to the State, even where counsel was appointed, and the attorney was not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (prisoners claiming wrongful incarceration due to ineffective or malicious counsel may be able to proceed under state tort law or habeas corpus proceedings, which "normally is the most important form of judicial relief," but such claims are not actionable under § 1983); *Walton v. Neslund*, 248 Fed. Appx. 733, 733–34 (7th Cir. 2007) (affirming dismissal of federal claim related to attorney incompetence as "patently frivolous"); *McDonald v. White,* 465 F. App'x 544, 548 (7th Cir. 2012) (dismissing claims against public defender as frivolous because

"court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983"). Therefore, Mock may not proceed on these claims.[1]

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on August 19, 2024.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] To the extent Mock is attempting to bring a conspiracy claim under 42 U.S.C. § 1985(3), he likewise cannot proceed because this too requires state action. For conspiracies among only private actors, "a plaintiff must also allege that the conspiracy was aimed at interfering with rights that are protected against private, as well as official, encroachment (such as Thirteenth Amendment rights)." *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 827, n.4 (7th Cir. 2022) (internal quotation marks omitted) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993)); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("Due Process rights and Fourth Amendment rights are not protected against [purely] private conspiracies under Section 1985(3)"); *see also Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) ("The Equal Protection Clause of the Fourteenth Amendment prohibits *state action* that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'") (emphasis added).